### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION** | **MDL 2724**<br>**16-md-2724**<br>**HON. CYNTHIA M. RUFE** |
| **THIS DOCUMENT RELATES TO:**<br><br>**INDIRECT RESELLER PLAINTIFF ACTIONS** | |
| **THIS DOCUMENT RELATES TO :**<br><br>**ALL INDIRECT RESELLER PLAINTIFF (IRP) ACTIONS** | **16-PV-27243**<br>**17-cv-3821**<br>**18-cv-2533**<br>**19-cv-6044** |

### ORDER GRANTING IRPS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

**AND NOW**, this 15th day of May 2024, upon review and consideration of the Indirect Reseller Plaintiffs' ("IRPs") Motion for Preliminary Approval of Class Action Settlement [MDL Doc. No. 2914; Doc. No. 162 in Civil Action No. 18-2533; Doc. No. 193 in Civil Action No. 19-6044], in which the parties seek: (a) certification of a settlement class, (b) preliminary approval of a class action settlement, and (c) appointment of class counsel; and after review of supporting documents filed in support of the Motion, and no opposition to the Motion having been filed, and the Court finding that the proposed Settlement (the "Settlement") was entered into in good faith,[1] it is hereby **ORDERED** that the Motion is **GRANTED** as follows:

---

[1] This finding of good faith includes a finding that the Settlement was entered into in good faith for purposes of the Federal Rules of Civil Procedure and the application of Cal. Code of Civ. Proc. § 877, 740 ILCS 100/2(c), Fl. Stat. § 768.31(5)(b), Colo. St. 13-50.5-105(b), Mass. Gen. Laws Ann. Ch. 231B, § 4(b), Mich. Comp. Laws Ann. § 600.2925d(b), Mo. Ann. Stat. § 537.060, Nev. Rev. Stat. 17.245(1)(b), N.Y. Gen. Oblig. Law § 15-108(b), N.C. Gen. Stat. Ann. § 1B-4(2), and any similar state statute or case barring contribution from a settling defendant.

**Certification of the Proposed Settlement Class**

1.      The Court makes the following determinations as required by Federal Rule of

Civil Procedure 23 solely in connection with the Settlement.

2.      Pursuant to Rule 23(c)(1)(B), the "Settlement Class" is defined as follows:

> All dispensers of drugs (including Clinics, Hospitals and
> Independent Pharmacies) in the United States and its
> territories that purchased one or more Drugs at Issue from
> January 1, 2010 through the present, including (a) those
> that purchased directly from distributor
> AmerisourceBergen Drug Corporation, Cardinal Health,
> Inc., Red Oak Sourcing, LLC, The Harvard Drug Group,
> LLC, HD Smith LLC, McKesson Corporation, Morris &
> Dickson Co., or Walgreens Boot Alliance, Inc., or their
> subsidiaries; and (b) those that purchased indirectly from
> any Defendant in the MDL.

This class excludes:

> (a) Defendants, their officers, directors, management,
> employees, subsidiaries, and affiliates;
>
> (b) entities owned in part by judges or justices involved
> in this action or any members of their immediate families
> (other than interests held as a passive investor in a
> publicly traded entity); and
>
> (c) all pharmacies owned or operated by publicly traded
> companies.

3.      Pursuant to Rule 23(a)(1), the Court determines that the Settlement Class is so

numerous and geographically dispersed that joinder of all members is impracticable. According

to Plaintiffs, the Settlement Class includes approximately 24,000 to 29,000 members dispersed

throughout the United States. This is sufficient to satisfy the impracticality of joinder

requirement of Rule 23(a)(l).

4.      Pursuant to Rule 23(c)(l)(B), the Court determines that, in connection with and

solely for purposes of settlement, the following issues present common, class-wide questions:

a.  Whether the conduct challenged by the Settlement Class as anticompetitive in the IRPs' Complaints constituted a conspiracy in restraint of trade in violation of the Sherman Act, 15 U.S.C. §§ 1, as well as the parallel violations of state antitrust and consumer protection laws alleged in the IRP complaints.

b.  Whether Apotex and its alleged co-conspirators engaged in a contract, combination, or conspiracy to eliminate competition and thereby increased prices of the drugs identified in the Complaints in the United States.

c.  The duration and extent of the alleged contract, combination, or conspiracy between and among Apotex and its alleged co-conspirators;

d.  The effect of the contract, combination, or conspiracy on prices of the drugs identified in the Complaints in the United States.

e.  Whether, and to what extent, the conduct of Apotex and its alleged co-conspirators caused injury to Settling Direct Purchaser Plaintiffs and other members of the Settlement Class; and

f.  The amount of overcharge damages, if any, owed to the Settlement Class in the aggregate under the indirect purchaser laws of various states identified as the State Damages Jurisdictions in the IRP Complaints and in the Settlement Agreement[2].

5.  The Court determines that these class-wide issues relating to claims and/or defenses are questions of law or fact common to the Settlement Class that satisfy Rule 23(a)(2).

---

[2] Attached as Exhibit A to the Declaration of Christian Hudson in Support of Indirect Reseller Plaintiffs' (IRP's) Motion for Preliminary Approval of Class Action Settlement.

6.      The IRP Class Representatives[3] are hereby appointed as representatives of the

Settlement Class, for the following reasons:

      a.  The IRP Class Representatives allege, on behalf of the Settlement Class, the

          same manner of injury from the same course of conduct that they themselves

          complain of, and assert on their own behalf the same legal theory that they

          assert for the Settlement Class. The Court therefore determines that, in

          connection with and solely for purposes of settlement, the Settling Plaintiffs'

          claims are typical of the claims of the proposed Settlement Class within the

          meaning of Rule 23(a)(3); and

      b.  Pursuant to Rule 23(a)(4), the Court determines that the Settling Plaintiffs will

          fairly and adequately protect the interests of the Settlement Class. The Settling

          Plaintiffs' interests do not conflict with the interests of absent members of the

          Settlement Class. All of the members of the Settlement Class share a common

          interest in proving Apotex's alleged anticompetitive conduct, and all

          Settlement Class members share a common interest in recovering the alleged

          overcharge damages sought in the Complaints. Moreover, any Settlement

          Class member that wishes to opt out will be given an opportunity to do so.

          Furthermore, the Settling Plaintiffs are well qualified to represent the

          Settlement Class in this case.

7.      Pursuant to Rule 23(b)(3), the Court determines that, in connection with and

solely for purposes of settlement, common questions of law and fact predominate over questions

affecting only individual members. In light of the class-wide claims, issues, and defenses set

---

[3] Chet Johnson Drug, Deal Drug Pharmacy, Falconer Pharmacy, Halliday's & Koivisto's Pharmacy, North Sunflower Medical Center, Russell's Mr. Discount Drugs, and West Val Pharmacy.

forth above, the issues in this action that are subject to generalized proof, and thus applicable to

the Settlement Class as a whole, predominate over those issues that are subject only to

individualized proof.

8.      Also pursuant to Rule 23(b)(3), the Court determines that, in connection with and

solely for purposes of settlement, a class action is superior to other available methods for the fair

and efficient adjudication of this action. The Court believes it is desirable, for purposes of

judicial and litigation efficiency, to concentrate the claims of the Settlement Class in a single

action.

### Appointment of Class Counsel

9.      Pursuant to Fed. R. Civ. P. 23(c)(l)(B) and 23(g), having considered the factors

provided in Rule 23(g)(1)(A), the Court appoints as Lead Counsel and Settlement Class Counsel

the attorney Christian Hudson of the firm Cuneo Gilbert & LaDuca, LLP, Suite 200, 4725

Wisconsin Avenue, NW, Washington, DC 20016.

### Preliminary Approval of the Proposed Settlement

10.     The Court has assessed the fairness, reasonableness, and adequacy of the

Settlement and finds that, at the final approval stage, the Court "will likely be able to" determine

that the Settlement was entered into in good faith and to approve the Settlement under the criteria

set forth in Federal Rule of Civil Procedure 23(e)(2) and certify the Settlement Class under the

criteria set forth in Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and that

therefore notice to the Settlement Class Members is warranted. See Fed. R. Civ. P.

23(e)(1)(B)(i)-(ii). The Settlement contributes $5,537,000 to a fund to be distributed to class

members and for cooperation by Apotex with the IRPs' continued efforts against the remaining

Defendants in this MDL. The Court therefore preliminarily approves the Settlement on the terms

set forth in the Settlement Agreement, subject to further consideration at the Final Fairness

Hearing.

11.     The date of the Final Fairness hearing will be determined after the IRPs file a

motion for approval of the form of notice to be sent to class members.

12.     Neither this Order, nor the Settlement Agreement, nor any other Settlement-

related document, nor anything contained herein or therein or contemplated hereby or thereby,

nor any proceedings undertaken in accordance with the terms set forth in the Settlement

Agreement or herein or in any other Settlement-related document, shall constitute, be construed

as or be deemed to be evidence of or an admission or concession by the Settling Defendant as to

the validity of any claim that has been or could have been asserted by Settling IRPs against the

Settling Defendant or as to any liability by the Settling Defendant as to any matter set forth in

this Order, or as to whether any class, in this case or others, may be certified for purposes of

litigation and trial.

13.     The Court's certification of the Settlement Class as provided herein is without

prejudice to, or waiver of the rights of any other Defendant to contest class certification of any

class proposed in this Action.

It is so **ORDERED**.

**BY THE COURT:**

**/s/ Cynthia M. Rufe**

_____

**CYNTHIA M. RUFE, J.**

6