**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL NO. 2724 |
| | 16-MD-2724 |
| THIS DOCUMENT RELATES TO: | HON. CYNTHIA M. RUFE |
| *Cigna Corp. v. Actavis Holdco US, Inc., et al.* | 20-CV-02711 |
| *1199 SEIU National Benefit Fund, et al. v. Actavis Holdco U.S., Inc., et al.* | 18-CV-02401 |
| *1199 SEIU National Benefit Fund, et al. v. Actavis Holdco U.S., Inc. et al.* | 19-CV-06011 |
| *Health Care Service Corp. v. Actavis Elizabeth, LLC, et al.* | 19-CV-05819 |
| *Humana Inc. v. Actavis Elizabeth LLC, et al.* | 18-CV-03299 |
| *Humana Inc. v. Actavis Elizabeth LLC, et al.* | 19-CV-04862 |
| *Humana Inc. v. Actavis Elizabeth LLC, et al.* | 20-CV-06303 |
| *West Val Pharmacy, et al. v. Actavis Holdco U.S., Inc., et al.* | 18-CV-02533 |
| *Molina Healthcare, Inc. v. Actavis Elizabeth, LLC, et al.* | 20-CV-00695 |
| *Providence St. Joseph Health, et al. v. Actavis Holdco U.S., Inc., et al.* | 23-CV-03636 |
| *United HealthCare Services, Inc. v. Actavis Holdco U.S. Inc., et al.* | 19-CV-00629 |
| *United HealthCare Services, Inc. v. Sandoz Inc., et al.* | 20-CV-06557 |
| *United HealthCare Services, Inc. v. Teva Pharmaceuticals USA, Inc., et al.* | 19-CV-05042 |
| *In Re: Amitriptyline Cases (End-Payer)* | 16-AM-27242 |
| *In Re: Benazepril HCTZ Cases (End-Payer)* | 16-BZ-27242 |
| *In Re: Desonide Cases (End-Payer)* | 16-DS-27242 |
| *In Re: Fluocinonide Cases (End-Payer)* | 16-FL-27242 |
| *In Re: Levothyroxine Cases (End-Payer)* | 16-LV-27242 |
| *In Re: Lidocaine-Prilocaine Cases (End-Payer)* | 16-LD-27242 |

**<u>ORDER</u>**

On February 15, 2019, this Court issued an opinion dismissing certain state law antitrust and consumer protection claims brought by the End Payer Plaintiffs ("EPPs") and Indirect-Reseller Plaintiffs ("IRPs") with respect to certain drugs.[1] That opinion dismissed EPPs' and IRPs' claims under the Illinois Antitrust Act, South Carolina Unfair Trade Practices Act, Montana Consumer Protection Act, Rhode Island Antitrust Act, Georgia Uniform Deceptive Trade Practices Act, and West Virginia Consumer Credit and Protection Act as either fully or partially barred as a matter of law.

Defendants now jointly bring a motion to dismiss similar claims raised by EPPs, IRPs, and Direct-Action Plaintiffs ("DAPs"), including bellwether plaintiff Humana Inc. in the *Humana I* bellwether case.[2] Plaintiffs contend that the MDL has expanded since this Court's February 15, 2019 opinion, additional plaintiffs have joined the case, and EPPs and IRPs have filed additional complaints alleging new facets of a conspiracy.[3] Given these developments, Plaintiffs ask this Court to reconsider its prior ruling dismissing certain state law statutory claims.

As to certain state laws, Plaintiffs concede there has been no change in law since this Court's February 15, 2019 Order and that those claims should be dismissed. No new meaningful precedent has arisen regarding Plaintiffs' claims under the Rhode Island Antitrust Act and the

[1] Feb. 15, 2019 Mem. Op. [MDL Doc. No. 857].

[2] Joint Mot. to Dismiss [Case No. 18-3299, Doc. No. 310].

[3] Plfs' Resp. Opp. Mot. to Dismiss at 1-2 [Case No. 18-3299, Doc. No. 322].

Georgia Uniform Deceptive Trade Practices Act, and Plaintiffs concede these claims should be dismissed.[4]

Plaintiffs ask this Court to reconsider its ruling on their claims under the Illinois Antitrust Act. In its February 15, 2019 ruling, the Court explained that the Act provides that "no person shall be authorized to maintain a class action in any court of this State for indirect purchases asserting claims under this Act, with the sole exception of this State's Attorney General."[5] Persuaded by the "prevailing view of District Courts that have considered this issue within [the Third] Circuit", the Court determined that the Illinois Antitrust Act is substantive in nature and prohibits indirect purchaser class actions. Accordingly, Plaintiffs' claims under the Act were dismissed.

Now, Plaintiffs seek reconsideration of that ruling on the basis of a case from the Southern District of Illinois. *Hatchett v. Henry Shein, Inc.* found that a plaintiff had standing under the Illinois Antitrust Act to bring a class action.[6] However, this Court's previous ruling was based upon consideration of the prevailing view of district courts within this Circuit. There has been no substantive change of Illinois law, nor have the district courts within this Circuit shifted their prevailing view. Plaintiffs cite one Illinois state law case to support their position.[7] However, that case predated this Court's February 15, 2019 opinion and does not provide a basis to reconsider that decision.

---

[4] Plfs' Resp. Opp. Mot. to Dismiss at 6 [Case No. 18-3299, Doc. No. 322].

[5] Feb. 15, 2019 Mem. Op. at 20 [MDL Doc. No. 857].

[6] No. 3:19-cv-83-NJR, 2020 WL 733834, at *4 (S.D. Ill. Feb. 13, 2020) (dismissed on other grounds).

[7] *See Bueker v. Madison Cnty.*, 61 N.E.3d 237, 254 (Ill. App. Ct. 2016)

Plaintiffs also ask this Court to reconsider its decision regarding the Montana Consumer Protection Act on the basis of federal cases from the District of Montana finding the law does not bar class actions. As with the Illinois Antitrust Act, there has not been a change of law within this Circuit warranting reconsideration of this Court's previous decision.

Without providing an intervening change in precedent, Plaintiffs also seek this Court's reconsideration of its rulings regarding the South Carolina Unfair Trade Practices Act and the West Virginia Consumer Credit and Protection Act. They argue the South Carolina Unfair Trade Practices Act reflects a legislative choice regarding procedural mechanisms, rather than substantive rights. Plaintiffs cite no case or any authority to support this argument, and the Court declines to reconsider its previous determination.

EPPs concede dismissal of their claims under the West Virginia Consumer Credit and Protection Act. Other Plaintiffs ask this Court to revisit its review of a West Virginia Supreme Court case, *White v. Wyeth*, which held that "the private cause of action afforded consumers under West Virginia Code § 46A-6-106(a) does not extend to prescription drug purchases."[8] Plaintiffs contend *White* concerned a different set of circumstances than those at issue here and that *White* is limited to consumers who "receive protection from the FDA's regulations in the manner that patients do" or "individuals having to take the drug they purchase," but not commercial purchasers of or payors for generic pharmaceuticals.[9] They provide no caselaw or authority to support this narrow reading of *White*, and *White* itself did not clearly set such limits. The Court declines to reconsider its previous ruling.

---

[8] 705 S.E.2d 828, 838 (W. Va. 2010)

[9] Plfs' Resp. Opp. Mot. to Dismiss at 7 [Case No. 18-3299, Doc. No. 322].

**AND NOW,** this 22nd day of January 2026, upon consideration of Defendants' Motion to Dismiss Certain State Statutory Claims That This Court Previously Dismissed as a Matter of Law and the responses thereto, it is hereby **ORDERED** that the Motion is **GRANTED as follows** for the claims listed in Attachment A**:**

1. Defendants' Motion is **GRANTED** to the extent they seek to dismiss any claims brought under the Illinois Antitrust Act. Plaintiffs' claims under the Illinois Antitrust Act are **DISMISSED with prejudice**.

2. Defendants' Motion is **GRANTED** to the extent they seek to dismiss Plaintiffs' claims for monetary relief under the Georgia Uniform Deceptive Trade Practices Act. Plaintiffs' claims for monetary relief under the Georgia Uniform Deceptive Trade Practices Act are **DISMISSED with prejudice**.

3. Defendants' Motion is **GRANTED** to the extent they seek to dismiss Plaintiffs' claims under the South Carolina Unfair Trade Practices Act and the Montana Consumer Protection Act insofar as the claims are brought on behalf of a putative class. Plaintiffs' claims for class-based relief under the South Carolina Unfair Trade Practices Act and the Montana Consumer Protection Act are DISMISSED with prejudice.

4. Defendants' Motion is **GRANTED** to the extent they seek to dismiss Plaintiffs' claims under the Rhode Island Antitrust Act for damages for putative overcharges incurred prior to July 15, 2013. Plaintiffs' claims under the Rhode Island Antitrust Act alleging overcharges before July 15, 2013 are **DISMISSED with prejudice**. Plaintiffs may move forward with respect to their Rhode Island Antitrust Act claims to the extent they allege overcharges incurred from July 15, 2013 forward.

5

5.  Defendants' Motion is **GRANTED** to the extent they seek to dismiss Plaintiffs'

    claims under the West Virginia Consumer Credit and Protection Act. Plaintiffs' West

    Virginia Consumer Credit and Protection Act claims are **DISMISSED with**

    **prejudice**.

Defendants' Motion is **GRANTED**, thus each companion motion in the below listed

cases entries shall also be **GRANTED**:

- 20-CV-02711, Doc. No. 213
- 18-CV-02401, Doc. No. 337
- 19-CV-06011, Doc. No. 269
- 19-CV-05819, Doc. No. 217
- 18-CV-03299, Doc. No. 310
- 19-CV-04862, Doc. No. 200
- 20-CV-06303, Doc. No. 133
- 18-CV-02533, Doc. No. 205
- 20-CV-00695, Doc. No. 226
- 23-CV-03636, Doc. No. 259
- 19-CV-00629, Doc. No. 177
- 20-CV-06557, Doc. No. 86
- 19-CV-05042, Doc. No. 130
- 16-AM-27242, Doc. No. 167
- 16-BZ-27242, Doc. No. 155
- 16-DS-27242, Doc. No. 250
- 16-FL-27242, Doc. No. 210
- 16-LV-27242, Doc. No. 177
- 16-LD-27242, Doc. No. 194

It is so **ORDERED**.

> **BY THE COURT:**
>
> **/s/ Cynthia M. Rufe**
> _____
> **CYNTHIA M. RUFE, J.**

# ATTACHMENT A

**Chart of State Statutory Claims Subject to the Instant Motion to Dismiss**

| Case Caption | State Statutory Claims Subject to Instant Motion to Dismiss |
|---|---|
| *Cigna Corp. v. Actavis Holdco US, Inc., et al.*, 2:20-cv-02711 | Rhode Island Antitrust Act, R.I. Gen. Laws § 6-36-1, *et seq.*<br><br>Georgia Uniform Deceptive Trade Practices Act, Ga. Code § 10-1-370, *et seq.* |
| *1199 SEIU National Benefit Fund, et al. v. Actavis Holdco U.S., Inc., et al.*, 2:18-cv-02401 | Illinois Antitrust Act, 740 Ill. Comp. Stat. 10/1, *et seq.*<br><br>Georgia Uniform Deceptive Trade Practices Act, Ga. Code § 10-1-370, *et seq.*<br><br>West Virginia Consumer Credit & Protection Act, W. Va. Code § 46A-6-101, *et seq.*<br><br>South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-10, *et seq.*<br><br>Montana Consumer Protection Act, Mont. Code Ann. § 30-14-101, *et seq.* |
| *1199 SEIU National Benefit Fund, et al. v. Actavis Holdco U.S., Inc. et al.*, 2:19-cv-06011 | Illinois Antitrust Act, 740 Ill. Comp. Stat. 10/1, *et seq.*<br><br>Georgia Uniform Deceptive Trade Practices Act, Ga. Code § 10-1-370, *et seq.*<br><br>South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-10, *et seq.*<br><br>Montana Consumer Protection Act, Mont. Code Ann. § 30-14-101, *et seq.* |
| *Health Care Service Corp. v. Actavis Elizabeth, LLC, et al.*, 2:19-cv-05819 | Rhode Island Antitrust Act, R.I. Gen. Laws § 6-36-1, *et seq.*<br><br>West Virginia Consumer Credit & Protection Act, W. Va. Code § 46A-6-101, *et seq.* |
| *Humana Inc. v. Actavis Elizabeth LLC, et al.*, 2:18-cv-03299 | Rhode Island Antitrust Act, R.I. Gen. Laws § 6-36-1, *et seq.*<br><br>West Virginia Consumer Credit & Protection Act, W. Va. Code § 46A-6-101, *et seq.* |

| Case Caption | State Statutory Claims Subject to Instant Motion to Dismiss |
|---|---|
| *Humana Inc. v. Actavis Elizabeth LLC, et al.*, 2:19-cv-04862 | Rhode Island Antitrust Act, R.I. Gen. Laws § 6-36-1, *et seq.*<br><br>West Virginia Consumer Credit & Protection Act, W. Va. Code § 46A-6-101, *et seq.* |
| *Humana Inc. v. Actavis Elizabeth LLC, et al.*, 2:20-cv-06303 | Rhode Island Antitrust Act, R.I. Gen. Laws § 6-36-1, *et seq.*<br><br>West Virginia Consumer Credit & Protection Act, W. Va. Code § 46A-6-101, *et seq.* |
| *West Val Pharmacy, et al. v. Actavis Holdco U.S., Inc., et al.*, 2:18-cv-02533 | Illinois Antitrust Act, 740 Ill. Comp. Stat. 10/1, *et seq.*<br><br>Georgia Uniform Deceptive Trade Practices Act, Ga. Code § 10-1-370, *et seq.*<br><br>West Virginia Consumer Credit & Protection Act, W. Va. Code § 46A-6-101, *et seq.*<br><br>South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-10, *et seq.* |
| *MSP Recovery Claims, Series LLC, et al. v. Actavis Elizabeth, LLC, et al.*, 2:20-cv-00231 (formerly 3:19-cv-01972) | Georgia Uniform Deceptive Trade Practices Act, Ga. Code § 10-1-370, *et seq.* |
| *Molina Healthcare, Inc. v. Actavis Elizabeth, LLC, et al.*, 2:20-cv-00695 (formerly 3:19-cv-08438) | Rhode Island Antitrust Act, R.I. Gen. Laws § 6-36-1, *et seq.* |
| *Providence St. Joseph Health, et al. v. Actavis Holdco U.S., Inc., et al.*, 5:23-cv-03636 (formerly 3:23-cv-03298-VC) | Georgia Uniform Deceptive Trade Practices Act, Ga. Code § 10-1-370, *et seq.* |
| *United HealthCare Services, Inc. v. Actavis Holdco U.S. Inc., et al.*, 2:19-cv-00629 (formerly 0:19-cv-00121) | Rhode Island Antitrust Act, R.I. Gen. Laws § 6-36-1, *et seq.*<br><br>Georgia Uniform Deceptive Trade Practices Act, Ga. Code § 10-1-370, *et seq.*<br><br>West Virginia Consumer Credit & Protection Act, W. Va. Code § 46A-6-101, *et seq.* |
| *United HealthCare Services, Inc. v. Sandoz Inc., et al.*, 2:20-cv-06557 (formerly 0:20-cv-02543) | Rhode Island Antitrust Act, R.I. Gen. Laws § 6-36-1, *et seq.* |

| Case Caption | State Statutory Claims Subject to Instant Motion to Dismiss |
|---|---|
| | Georgia Uniform Deceptive Trade Practices Act, Ga. Code § 10-1-370, *et seq.* <br><br> West Virginia Consumer Credit & Protection Act, W. Va. Code § 46A-6-101, *et seq.* |
| *United HealthCare Services, Inc. v. Teva Pharmaceuticals USA, Inc., et al.*, 2:19-cv-05042 (formerly 0:19-cv-02696) | Rhode Island Antitrust Act, R.I. Gen. Laws § 6-36-1, *et seq.* <br><br> Georgia Uniform Deceptive Trade Practices Act, Ga. Code § 10-1-370, *et seq.* <br><br> West Virginia Consumer Credit & Protection Act, W. Va. Code § 46A-6-101, *et seq.* |
| *In Re: Amitriptyline Cases (End-Payer)*, 16-AM-27242 | Illinois Antitrust Act, 740 Ill. Comp. Stat. 10/1, *et seq.* <br><br> Georgia Uniform Deceptive Trade Practices Act, Ga. Code § 10-1-370, *et seq.* <br><br> West Virginia Consumer Credit & Protection Act, W. Va. Code § 46A-6-101, *et seq.* <br><br> South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-10, *et seq.* <br><br> Montana Consumer Protection Act, Mont. Code Ann. § 30-14-101, *et seq.* |
| *In Re: Benazepril HCTZ Cases (End-Payer)*, 16-BZ-27242 | Illinois Antitrust Act, 740 Ill. Comp. Stat. 10/1, *et seq.* <br><br> Georgia Uniform Deceptive Trade Practices Act, Ga. Code § 10-1-370, *et seq.* <br><br> West Virginia Consumer Credit & Protection Act, W. Va. Code § 46A-6-101, *et seq.* <br><br> South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-10, *et seq.* <br><br> Montana Consumer Protection Act, Mont. Code Ann. § 30-14-101, *et seq.* |
| *In Re: Desonide Cases (End-Payer)*, 16-DS-27242 | Illinois Antitrust Act, 740 Ill. Comp. Stat. 10/1, *et seq.* |

| Case Caption | State Statutory Claims Subject to Instant Motion to Dismiss |
|---|---|
|  | Georgia Uniform Deceptive Trade Practices Act, Ga. Code § 10-1-370, *et seq.* |
|  | West Virginia Consumer Credit & Protection Act, W. Va. Code § 46A-6-101, *et seq.* |
|  | South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-10, *et seq.* |
|  | Montana Consumer Protection Act, Mont. Code Ann. § 30-14-101, *et seq.* |
| *In Re: Fluocinonide Cases (End-Payer)*, 16-FL-27242 | Illinois Antitrust Act, 740 Ill. Comp. Stat. 10/1, *et seq.* |
|  | Rhode Island Antitrust Act, R.I. Gen. Laws § 6-36-1, *et seq.* |
|  | Georgia Uniform Deceptive Trade Practices Act, Ga. Code § 10-1-370, *et seq.* |
|  | West Virginia Consumer Credit & Protection Act, W. Va. Code § 46A-6-101, *et seq.* |
|  | South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-10, *et seq.* |
|  | Montana Consumer Protection Act, Mont. Code Ann. § 30-14-101, *et seq.* |
| *In Re: Levothyroxine Cases (End-Payer)*, 16-LV-27242 | Illinois Antitrust Act, 740 Ill. Comp. Stat. 10/1, *et seq.* |
|  | Georgia Uniform Deceptive Trade Practices Act, Ga. Code § 10-1-370, *et seq.* |
|  | West Virginia Consumer Credit & Protection Act, W. Va. Code § 46A-6-101, *et seq.* |
|  | South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-10, *et seq.* |
|  | Montana Consumer Protection Act, Mont. Code Ann. § 30-14-101, *et seq.* |

| Case Caption | State Statutory Claims Subject to Instant Motion to Dismiss |
|---|---|
| *In Re: Lidocaine-Prilocaine Cases (End-Payer)*, 16-LD-27242 | Illinois Antitrust Act, 740 Ill. Comp. Stat. 10/1, *et seq.*<br><br>Georgia Uniform Deceptive Trade Practices Act, Ga. Code § 10-1-370, *et seq.*<br><br>West Virginia Consumer Credit & Protection Act, W. Va. Code § 46A-6-101, *et seq.*<br><br>South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-10, *et seq.*<br><br>Montana Consumer Protection Act, Mont. Code Ann. § 30-14-101, *et seq.* |